**FILED**
NOV 08 2004
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CLAYTON ROSS ROBERTS and PAMELA ROBERTS, | Civ. No. 04- |
| Plaintiffs, | **COMPLAINT AND JURY TRIAL DEMAND** |
| vs. | |
| FARM BUREAU MUTUAL INSURANCE COMPANY | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Comes now Plaintiffs, by and through their attorney of record, and complain and allege as follows:

1.

Plaintiffs are residents of Pierre, Hughes County, South Dakota.

2.

Defendant is an Iowa Company with its principal place of business in West Des Moines, Iowa.

3.

This Court has jurisdiction under 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000 exclusive of interest and costs.

4.

Venue is proper under 28 U.S.C. § 1391(a).

5.

Defendant is an insurance company qualified to do business in the State of South Dakota and has been previously engaged in the business of selling insurance throughout the State of South Dakota at all times relevant to Plaintiffs' claims.

6.

Plaintiffs entered into a contract of insurance, for good and valuable consideration with the Defendant for under-insured motorist coverage providing for the recovery of damages up to a limit of $250,000.00 for Plaintiffs as named insureds as a result of any single occurrence.

7.

At all times relevant to these proceedings, this policy of insurance providing Plaintiffs with under-insured motorist coverage was in full force and effect.

8.

That on or about the 6th day of June 2000, Plaintiff Clayton Roberts was involved in a motor vehicle collision in Kennebec, Lyman County, South Dakota; Plaintiff Clayton Roberts' trailer, which was being pulled by his motor vehicle, was struck by an under-insured motorist, and as a proximate result Plaintiff Clayton Roberts was seriously and permanently injured.

9.

The collision and the resulting injuries to Plaintiff Clayton Roberts were proximately caused by the negligence of the under-insured motorist in the following particulars:

   A.   Failure to keep a proper lookout;

   B.   Driving in a careless and reckless manner;

   C.   Failure to yield, and

   D.   The under-insured motorist was otherwise negligent in the premises.

10.

That as a proximate result of the negligence of the under insured motorist, Plaintiff Clayton Roberts, was seriously and permanently injured; he has suffered and will continue to suffer great pain of body and mind; he has incurred medical expenses in treatment of his injuries and will continue to do so in the future; he has sustained a loss of earnings and insurability; and has otherwise been permanently impaired, including but not limited to loss of enjoyment of life, and other general and special damages all to be determined by a trier of fact.

11.

As a direct and proximate result of the injuries incurred by Plaintiff Clayton Roberts, Pamela Roberts has sustained the loss of her husband's marital services, aid, comfort, society, companionship, and conjugal affections, as well as the present cash value of Clayton's lost future

marital services, aid, comfort, society, companionship, and conjugal affections, all of which she is reasonably certain to be deprived in the future.

12.

The liability carrier for the under-insured driver paid its policy limits of $25,000.00 to Plaintiffs and there is no other liability insurance coverage available to the Plaintiffs for payment of their claims. The liability insurance coverage has been exhausted and all conditions precedent to the payment of the under-insured motorist coverage benefits by Defendant have been fulfilled.

13.

Defendant insurer is liable to Plaintiffs for the remaining $225,000.00 of its under-insured motorist coverage pertaining to the above-described motor vehicle collision.

14.

Defendant insuer has offered Plaintiffs the sum of $25,000 in new money for settlement of their claims; Plaintiffs' total losses exceed the $225,000 under-insured benefits available and justly owed to them; Defendant insurer has refused to pay Plaintiffs any sum in excess of $25,000 new money, and Plaintiffs have been forced to institute these legal proceedings in an effort to collect the under-insured motorist coverage justly due them. Such refusal to pay has been vexatious or without reasonable cause.

15.

Pursuant to SDCL § 58-12-3, Plaintiffs are entitled to an award of reasonable attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for damages against the Defendant as follows:

(1) For Plaintiffs' compensatory, general and special damages in an amount that the jury deems just and proper under the circumstances;

(2) For Plaintiffs' attorney's fees, costs and disbursements herein;

(3) For prejudgment and postjudgment interest; and

(4) For such other and further relief as the Court determines to be just and proper.

Dated this 3rd day of November, 2004

                                                **JOHNSON, HEIDEPRIEM, MINER, MARLOW & JANKLOW, L.L.P.**

                                                **By** _____
                                                A. Russell Janklow
                                                Tamara A. Wilka
                                                P.O. Box 1107
                                                Sioux Falls, SD 57101-1107
                                                (605) 338-4304

                                                *Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby give notice of and demand a trial by jury on all issues of fact.

                                          _____
                                          A. Russell Janklow